**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID CHACON,<br><br>           Plaintiff,<br><br>   v.<br><br>ONTARIO POLICE DEPARTMENT, et al.,<br><br>           Defendants. | Case No. EDCV 17-1520 VBF (SS)<br><br>**MEMORANDUM DECISION AND ORDER:**<br><br>**(1) DISMISSING COMPLAINT WITH LEAVE TO AMEND, AND**<br><br>**(2) DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL** |

**I.**

**INTRODUCTION**

David Chacon ("Plaintiff"), a California state prisoner proceeding pro se, has filed a complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. ("Complaint," Dkt. No. 1). Congress mandates that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any

portion, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc). For the reasons stated below, the Complaint is DISMISSED with leave to amend.[1] Plaintiff's Request for Appointment of Counsel in the prayer for relief is DENIED without prejudice.

## II.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff sues (1) the Ontario Police Department and four of its employees, Patrol Officers (2) Matthew E. Zick, (3) Edward Flores, and (4) Brennan Falconieri, and (5) Sergeant James Renstrom. (Complaint at 2). The Complaint does not indicate whether the individual Defendants are sued in their individual or official capacities.

Plaintiff alleges that upon exiting his vehicle during a routine traffic stop on November 25, 2016, he was tased twice by Officer Zick, who failed to tell Plaintiff what Officer Zick wanted him to do. (Id. at 3). Plaintiff blacked out and awoke three and a half hours later at the Chino Medical Center. (Id.). Plaintiff was "extremely battered" from the encounter with police and had a

---

[1] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

2

broken left wrist. (Id.). Upon his release from the hospital, Plaintiff was booked in the West Valley Detention Center in San Bernardino County on charges of "felony evading" and "obstruction of justice." (Id.).

Zick testified at Plaintiff's preliminary hearing that he tased Plaintiff approximately four times and struck him twelve times with his baton. (Id.). According to the complaint, Zick further testified that Plaintiff was "unconscious and unresponsive" during the beating. (Id.). Plaintiff claims that in addition to a broken wrist, he suffered permanent nerve damage in his neck and continues to have mobility issues "as a result of denial of therapy and treatment." (Id.).

The Complaint raises claims under the Fourth and Eighth Amendments, presumably for excessive force and deliberate indifference to serious medical needs. (Id.). Plaintiff seeks "monetary damages," "medical care/treatment for life," and an injunction relieving all of the officers who were involved in the incident of their duties and subjecting them to criminal sanctions. (Id. at 6). Plaintiff further requests that counsel be appointed, and that leave be granted permitting him to amend his Complaint following the appointment of counsel. (Id.).

**III.**

**DISCUSSION**

Under 28 U.S.C. section 1915A(b), the Court must dismiss Plaintiff's Complaint due to multiple pleading defects. However, the Court must grant a pro se litigant leave to amend his defective complaint unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). Accordingly, for the reasons stated below, the Complaint is DISMISSED with leave to amend.

**A. The Ontario Police Department Is An Improper Defendant**

Plaintiff purports to sue the Ontario Police Department. (Complaint at 2). To gain relief under section 1983, a plaintiff must plead: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). However, a police department is not a "person" for the purposes of a section 1983 action. See Hervey v. Estes, 65 F.3d 784, 791 (9th Cir. 1995) (police narcotics task force not a "person" or entity subject to suit under section 1983); United States v. Kama, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (local government departments and bureaus are generally not considered "persons" within the meaning of section 1983). Accordingly, the Ontario

Police Department is not a proper defendant in this action, and Plaintiff's claims against the Department must be dismissed.

**B.** **<u>Plaintiff Fails To State A Claim Against The City Of Ontario Or San Bernardino County</u>**

While a department, agency or unit of a local government is an improper defendant in a section 1983 action, there is "no constitutional impediment to municipal liability" under the Civil Rights Act. <u>Monell v. Dep't of Soc. Servs. of City of New York</u>, 436 U.S. 658, 690 n.54 (1978); see also <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 483 n.12 (1986) (applying <u>Monell</u>'s analysis of municipal liability to counties). However, a local government may not be held responsible for the acts of its employees simply because it employed the person or persons who caused the plaintiff harm. <u>Monell</u>, 436 U.S. at 691. To assert a valid section 1983 claim against a city or county, a plaintiff must show not only a deprivation of a constitutional right, but also that the city or county had a policy, custom or practice that was the "moving force" behind the constitutional violation. <u>Villegas v. Gilroy Garlic Festival Ass'n</u>, 541 F.3d 950, 957 (9th Cir. 2008). There must be a "'direct causal link between a [city or county] policy or custom and the alleged constitutional deprivation.'" <u>Id.</u> (quoting <u>City of Canton v. Harris</u>, 489 U.S. 378, 385 (1989)).

"Proof of a single incident of unconstitutional activity is not sufficient to impose liability under <u>Monell</u>, unless proof of the incident includes proof that it was caused by an existing,

unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." Okla. City v. Tuttle, 471 U.S. 808, 823-24 (1985); see also Gant v. Cnty. of Los Angeles, 772 F.3d 608, 618 (9th Cir. 2014) (quoting same). Rather, liability must be "founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

It is unclear whether Plaintiff intended to sue the City of Ontario for the policies and practices of the Ontario Police Department, the County of San Bernardino for the policies and practices of the San Bernardino County Sheriff's Department (which operates the West Valley Detention Center), or both, or neither. Even if Plaintiff had identified a proper governmental Defendant, he does not allege a policy, custom or practice of either the City or the County that led to his alleged injuries. As a result, Plaintiff fails to state a valid Monell claim against either the City of Ontario or San Bernardino County. Accordingly, the Complaint must be dismissed, with leave to amend.

**C. Plaintiff Fails To State A Claim Against Flores, Falconieri And Renstrom**

The Complaint names Officers Flores and Falconieri and Sergeant Renstrom as Defendants. (Complaint at 2). However, the Complaint does not contain a single allegation explaining what any of these officers did to cause harm to Plaintiff.

6

To allege a civil rights violation against an individual defendant, a plaintiff must show either direct, personal participation in the alleged violation or, in the case of supervisory personnel, some sufficient causal connection between the official's conduct and the alleged constitutional violation. See Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011). Plaintiff must allege specific facts showing what each individual Defendant did to violate his constitutional rights. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (holding that a complaint must include specific facts for a plausible claim). Accordingly, Plaintiff's claims against Defendants Flores, Falconieri and Renstrom must be dismissed, with leave to amend.

### D. **Plaintiff Fails To State A Claim For Deliberate Indifference To Serious Medical Needs**

Plaintiff claims that he suffered permanent nerve damage in his neck and continues to have mobility issues "as a result of denial of therapy and treatment." (Complaint at 3). Although he does not identify which specific Defendants were responsible for his medical care or what exactly those Defendants did or did not do, it is possible that Plaintiff may be attempting to state a claim based on his allegedly inadequate medical care. To show that the inadequate treatment rises to the level of a constitutional violation, a prisoner must demonstrate that he had a "serious medical need" to which the defendant was "deliberately indifferent." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also West v. Atkins, 487 U.S. 42, 49 (1988).

To establish a "serious medical need," a plaintiff must demonstrate that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett, 439 F.3d at 1096 (citation omitted). To establish "deliberate indifference" to a serious medical need, a plaintiff must demonstrate: "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." (Id.). Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." (Id.) (citations omitted). The defendant must have been subjectively aware of a serious risk of harm to Plaintiff and consciously disregarded that risk. See Farmer v. Brennan, 511 U.S. 825, 828 (1994).

Plaintiff alleges that he has continuing pain in his neck and mobility issues but did not describe any injuries to his neck, legs or back that occurred during the incident. Furthermore, he does not identify which Defendant(s) knew of these injuries and what exactly they did or did not do despite that knowledge that caused Plaintiff harm. The Complaint does not state a claim for deliberate indifference to serious medical needs. Accordingly, the Complaint must be dismissed, with leave to amend.

**E.	The Complaint Violates Federal Rule of Civil Procedure 8**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim

showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). Rule 8 may be violated when a pleading "says too little," and "when a pleading says too much." Knapp v. Hogan, 738 F.3d 1106, 1108 (9th Cir. 2013) (emphasis in original).

Here, the Complaint violates Rule 8 because Plaintiff does not clearly identify the nature of each of the legal claims he is bringing, the specific facts giving rise to each claim, or the specific Defendant or Defendants against whom each claim is brought. Without more specific information, Defendants cannot respond to the Complaint. See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (a complaint violates Rule 8 if a defendant would have difficulty understanding and responding to the complaint). Furthermore, Plaintiff's request that the Court take "judicial notice" of Case No. 16 CR-066544 in the Superior Court of California, Rancho Cucamonga District, is confusing and unnecessary. (Complaint at 3). Plaintiff does not state who the Defendant was in that case or what the proceedings involved. Nor does he identify the order, testimony or part of the proceedings of which he wishes the Court to take notice, or explain why notice is relevant here. Accordingly, the Complaint must be dismissed, with leave to amend.
\\
\\
\\

**F.  It Is Unclear Whether Plaintiff Has "Effectively Exhausted" His Administrative Remedies With Respect To His Deliberate Indifference Claim**

Plaintiff affirmatively states in the Complaint that he did not file a grievance relating to his claims. (Complaint at 3). Plaintiff explains that he "was advised that if [he] filed [a] complaint or [requested] sanctions[, he] would be subject to further force and/or retaliation." (Id.).

The Prison Litigation Reform Act of 1995 (the "PLRA"), 42 U.S.C. § 1997e(a), requires a prisoner to exhaust all available administrative remedies before suing over prison conditions in federal court. Booth v. Churner, 532 U.S. 731, 733-34 (2001); see also 42 U.S.C. § 1997e(a) ("No action shall be brought . . . until such administrative remedies as are available are exhausted."). "[F]ederal courts may not consider a prisoner's civil rights claim when a remedy was not sought first in an available administrative grievance procedure." Panaro v. City of North Las Vegas, 432 F.3d 949, 954 (9th Cir. 2005). A prisoner must pursue a remedy through all levels of the prison's grievance process "as long as some action can be ordered in response to the complaint," Brown v. Valoff, 422 F.3d 926, 934 (9th Cir. 2005), regardless of the ultimate relief offered through such procedures. Booth, 532 U.S. at 741.

While exhaustion is normally a precondition to suit, the PLRA does not require exhaustion "when circumstances render administrative remedies 'effectively unavailable.'" Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010). Generally, to fall within an exception to the exhaustion requirement, "a prisoner must show that he attempted to exhaust his administrative remedies but was thwarted." Sapp, 623 F.3d at 823-24); see also Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014) (administrative remedies may be effectively unavailable where filing a grievance would be "'ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile'") (quoting Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).

"[T]he PLRA does not require that a prisoner's federal court complaint affirmatively plead exhaustion." Nunez v. Duncan, 591 F.3d 1217, 1223-24 (9th Cir. 2010) (citing Jones v. Bock, 549 U.S. 199, 212-17 (2007)). Failure to exhaust is an affirmative defense that requires the defendant, following service of the complaint, to prove that "the prisoner did not use existing and generally available administrative remedies." Albino, 747 F.3d at 1172.

A prisoner-plaintiff is not required to exhaust administrative remedies with respect to a claim that arresting officers used excessive force against him prior to his incarceration. See Holston v. DeBranca, 2011 WL 666880, at *5 (E.D. Cal. Feb. 11, 2011) (citing cases); Perez v. Bell, 2012 WL 1532291, at *2 (D. Ariz. May 1, 2012) ("[B]ecause the alleged excessive force occurred during [plaintiff's] arrest and prior to any incarceration, there

was no requirement to exhaust remedies [under the PLRA]."). However, Plaintiff is cautioned that if he failed to avail himself of the prison grievance process <u>before</u> filing this lawsuit for any claims that involve events occurring <u>after</u> his incarceration, Defendants may raise the failure to exhaust as an affirmative defense and may seek dismissal of any unexhausted claims.

**G.   The Request For Appointment Of Counsel Is Denied Without Prejudice**

Plaintiff asks the Court to appoint counsel because he is indigent. (Complaint at 6). Plaintiff is advised that there is no constitutional right to appointed counsel in a civil action, including a civil rights action under section 1983. See <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009). The decision to appoint counsel is within "'the sound discretion of the trial court and is granted only in exceptional circumstances.'" <u>Agyeman v. Corrections Corp. of America</u>, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1236 (9th Cir. 1984)). When deciding whether exceptional circumstances exist, the court must evaluate both "'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" <u>Palmer</u>, 560 F.3d at 970 (quoting <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff bears the burden of demonstrating the existence of "exceptional circumstances" warranting the appointment of counsel.

Palmer, 560 F.3d at 970. To the extent that Plaintiff's request is based on his indigency or any other difficulties of his incarceration, including his limited legal knowledge, Plaintiff fails to establish "exceptional circumstances" required for the appointment of counsel as these conditions and limitations apply to almost every inmate. See Tilton v. Brown, 2013 WL 3804583, at *3 (E.D. Cal. July 19, 2013) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel."); Cardwell v. Kettelhake, 2010 WL 3636267, at *1 (E.D. Cal. Sept. 14, 2010) (plaintiff's failure to complete high school, his alleged difficulty responding to pleadings and understanding procedural rules, and his limited access to the law library do not establish "exceptional circumstances" warranting appointment of counsel as they are "experience[s] common to many prisoners").

The Court believes that Plaintiff presently has the ability to articulate his claims without the assistance of counsel. Neither the facts nor the legal issues involved in this case appear to be unusually complex. Plaintiff's challenges in representing himself therefore do not appear, at this stage of the litigation, to pose an insurmountable obstacle to the pursuit of his claims. See Palmer, 560 F.3d at 970 (trial court did not abuse discretion in denying motion for appointment of counsel where inmate plaintiff demonstrated an ability to represent himself at trial).

Accordingly, Plaintiff's Motion for Appointment of Counsel is DENIED WITHOUT PREJUDICE. Nothing in this Order is intended to preclude Plaintiff from retaining counsel on his own.

## IV.
## CONCLUSION

For the reasons stated above, the Complaint is DISMISSED with leave to amend. The request for appointment of counsel is DENIED without prejudice.

If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order in which to file a First Amended Complaint. In any amended complaint, the Plaintiff shall cure the defects described above. **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original Complaint.** The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to any previously filed complaint in this matter.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief."

**Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached.</u>** In any amended complaint, Plaintiff should clearly identify the nature of each separate legal claim, the Defendant or Defendants he believes are liable for each claim, and the facts showing what each Defendant did to cause Plaintiff harm. Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details. It is not necessary for Plaintiff to cite case law, include legal argument, or attach exhibits at this stage of the litigation. Plaintiff is also advised to omit any claims for which he lacks a sufficient factual basis.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b). <u>Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.</u>**

DATED: December 11, 2017

                                               /S/
                                 SUZANNE H. SEGAL
                                 UNITED STATES MAGISTRATE JUDGE

# NOTICE

**THIS DECISION IS NOT INTENDED FOR PUBICATION IN LEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.**